# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:23cv1393 |
| ) | **Electronic Filing** |
| **JOSEPH ALBERT ROBERTS** and ) | |
| **CHRISTINE NIEDERMEYER,** ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM ORDER

AND NOW, this 27th day of September, 2024, upon due consideration of defendants' Motion for Remand and the response thereto, IT IS ORDERED that the [11] motion be, and the same hereby is, denied.

On April 13, 2022, law enforcement officials obtained and executed a state search warrant for the residence of Joseph Albert Roberts and Christine Niedermeyer ("defendants") in Bethel Park, Pennsylvania.  During the execution of the state search warrant, the United States Attorney's Office and the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") obtained and executed a federal warrant to search the defendants' residence for evidence of the commission of federal crimes, including Title 18, United States Code, Section 922(g)(3) and Title 26, United States Code, Sections 5861(d) and (f).  A number of firearms and ammunition seized during the execution of the federal search warrant have been forfeited to the United States pursuant to Title 19, United States Code, Sections 1602 through 1621.

On or about June 8, 2022, the Commonwealth of Pennsylvania charged defendants with numerous state criminal offenses due to the items seized during the execution of the warrants. See Doc. No. 1, Exhibit B, State Court Docket.  Thereafter, on or about April 3, 2023, the state

criminal charges against defendants were dismissed *nolle prosequi*.  Id.  Federal criminal charges were never brought against defendants.

On or about May 8, 2023, defendants filed a Petition for Return of Seized Property in the Court of Common Pleas of Allegheny County seeking the return of the property seized on April 13, 2022, including all items seized pursuant to the federal search warrant and/or in federal custody.  Id.  The Court of Common Pleas of Allegheny County granted defendants' Petition on July 10, 2023.  Id.

Thereafter, on August 2, 2023, defendants filed a "Rule to Show Cause Why Commonwealth Should Not Be Held in Contempt/Motion to Enforce Court Order for Return of Seized Property" ("Rule to Show Cause").  See Doc. No. 1, Exhibit C.  The Rule to Show Cause states that Assistant United States Attorney Heidi Grogan and ATF Special Agent Ryan Rennig were contacted directly about the alleged missing seized property, and that defendants' Petition and the court's Order granting the same were provided to federal officials, including AUSA Grogan and Agent Rennig.  Id. at page 3.  Further, the corresponding Certificate of Service indicates that the motion was served on AUSA Grogan and Agent Rennig.  Exhibits to the motion also show a series of emails between counsel for defendants and AUSA Grogan relating to the return of the property seized during the search warrants.  Although the motion explicitly requests a rule to show cause why the **Commonwealth of Pennsylvania** should not be held in contempt, it also specifically identifies AUSA Grogan and Agent Rennig as individuals "who took possession of [defendants'] property after their case was over"  and requests that they return the property.  Id.

On August 3, 2023, the United States of America (the "government") filed a Notice of Removal removing the state court action to this court pursuant to 28 U.S.C. § 1442(a)(1).  See Doc. No. 1.  In response, defendants filed a Motion for Remand on October 31, 2023.  See Doc.

2

No. 11. The government filed its response to defendants' motion to remand on December 1, 2023. See Doc. No. 14.

Defendants assert that the removal is improper because the federal government has not brought criminal charges against defendants and thus this court lacks jurisdiction over the matter. In the alternative, even if this court had jurisdiction, the government's Notice of Removal was untimely. Defendants contend that because they filed their Petition for Return of Seized Property on May 8, 2023, the government only had 30 days, or until June 8, 2023, to seek removal. And because the government did not file its Notice of Removal until August 3, 2023, it was untimely. Therefore, defendants seek to remand this action to the Court of Common Pleas of Allegheny County.

The government counters that the action is removable under 28 U.S.C. § 1442(a)(1) because the contempt action is against the United States or an officer thereof. Additionally, the government asserts that this court unequivocally has jurisdiction because defendants are seeking the return of property alleged to be within the custody of the United States. Furthermore, the government asserts that removal was not triggered until August 2, 2023, when defendants filed their Rule to Show Cause directing federal officials to show cause why they had failed to comply with the state court order directing the return of defendants' property. As a result, because the government filed its Notice of Removal the next day, August 3, 2023, it was timely filed.

We agree with the government that the removal was both permissible pursuant to 28 U.S.C. § 1442 and timely under 28 U.S.C. § 1446(g). The government may remove an action that is seeking specific relief against federal government officials or agencies. See Boron Oil v. Downie, 873 F.2d 67, 69 (4th Cir. 1989) ("It is well established that an action seeking specific relief against a federal official, acting within the scope of his delegated authority, is an action against the United States, subject to governmental privilege of immunity.") (citing Larson v.

Domestic and Foreign Commerce Corp., 337 U.S. 682, 688 (1949)); Willingham v. Morgan, 395 U.S. 402, 406 (1969) (right of removal under § 1442(a)(1) is absolute whenever a suit in a state court is for any act 'under color' of federal office and gives rise to federal jurisdiction over the matter). Further, contempt proceedings or actions in which a federal official must defend his refusal to attend a proceeding, such as a show cause hearing, are removable. See Swett v. Schenk, 792 F.2d 1447, 1450 (9th Cir. 1986) (citing State of Wis. v. Schaffer, 565 F.2d 961, 964 (7th Cir. 1977) ) (stating that a contempt action against a federal official for refusing to comply with a state court order "is a distinct action which may be removed"); Schaffer, 565 F.2d at 964 (holding that an order to show cause commenced "a sufficient separate action" based on an official duty to comply with a state order); see also FBI v. Superior Ct. of Cal., 507 F. Supp. 2d 1082, 1089 (N.D. Cal. 2007) (an action that "involves federal employees 'threatened with the state's coercive power' while acting within the scope of their duties" is properly in federal court).

      Here, there is no dispute that AUSA Grogan and Agent Rennig are federal government officials and that the ATF is a federal government agency. There is no dispute that federal officers obtained a federal search warrant and seized property which defendants seek to have returned. Further, there is no dispute that defendants' Rule to Show Cause was requesting federal government officials and agencies to return defendants' property and to appear and show cause why they should not be held in contempt for violating the state court's order. It is thus clear that defendants sought to invoke the state's coercive power against federal employees acting within the scope of their official duties and therefore the government was permitted to remove this action to federal court.

      We also find that the government timely removed this action pursuant to Section 1446(g). Under Section 1446(g), a "civil action or criminal prosecution is removable under section 1442(a) . . . if the person or entity desiring to remove the proceeding files the notice of removal

not later than 30 days after receiving, through service, notice of any such proceeding." According to the Certificate of Service, defendants' Rule to Show Cause was served on AUSA Grogan and Agent Rennig on August 2, 2023. Therefore, service of the August 2, 2023, motion was the first notice that AUSA Grogan and Agent Rennig were being subjected to potential contempt proceedings. See § 1446(g) (stating that the thirty-day period for removal begins when the person or entity desiring removal receives notice of such a proceeding through service). As discussed above, the government filed its Notice of Removal the next day, which was well within the thirty-day limit prescribed by § 1446(g). Accordingly, we conclude that the government's Notice of Removal was timely.

      Accordingly, for the reasons set forth above, defendants' Motion for Remand is denied.

<br>

                                                        <u>s/David Stewart Cercone</u>
                                                        David Stewart Cercone
                                                        Senior United States District Judge

cc:    Karen Gal-Or, Esquire
        Tonya Sulia Goodman, Esquire
        Wendy L. Williams, Esquire

        (*Via CM/ECF Electronic Mail*)