IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:23cv1393 |
| | ) | **Electronic Filing** |
| **JOSEPH ALBERT ROBERTS** and | ) | |
| **CHRISTINE NIEDERMEYER** | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

Presently before the court is defendants' motion for return of property. For the reasons set forth below, the motion will be denied.

On April 13, 2022, law enforcement officials obtained and executed a state search warrant for the residence of Joseph Albert Roberts and Christine Niedermeyer ("defendants") in Bethel Park, Pennsylvania. During the execution of the state search warrant, the United States Attorney's Office and the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") obtained and executed a federal warrant to search the defendant' residence for evidence of the commission of federal crimes, including Title 18, United States Code, Section 922(g)(3) and Title 26, United States Code, Sections 5861(d) and (f). A number of firearms and ammunition seized during the execution of the federal search warrant have been forfeited to the United States pursuant to Title 19, United States Code, Sections 1602 through 1621.

On or about June 8, 2022, the Commonwealth of Pennsylvania charged defendants with numerous state criminal offenses due to the items seized during the execution of the warrants. See Doc. No. 1, Exhibit B, State Court Docket. Thereafter, on or about April 3, 2023, the state criminal charges against defendants were dismissed *nolle prosequi*. Id. Federal criminal charges were never brought against defendants.

On or about May 8, 2023, defendants filed a Petition for Return of Seized Property in the Court of Common Pleas of Allegheny County seeking the return of the property seized on April 13, 2022, including all items seized pursuant to the federal search warrant and/or in federal custody. Id. The Court of Common Pleas of Allegheny County granted defendants' Petition on July 10, 2023. Id.

Thereafter, on August 2, 2023, defendants filed a "Rule to Show Cause Why Commonwealth Should Not Be Held in Contempt/Motion to Enforce Court Order for Return of Seized Property" ("Rule to Show Cause"). See Doc. No. 1, Exhibit C. The Rule to Show Cause states that Assistant United States Attorney Heidi Grogan and ATF Special Agent Ryan Rennig were contacted directly about the alleged missing seized property, and that defendants' Petition and the court's Order granting the same were provided to federal officials, including AUSA Grogan and Agent Rennig. Id. at 3. Further, the corresponding Certificate of Service indicated that the motion was served on AUSA Grogan and Agent Rennig. Exhibits to the motion also show a series of emails between counsel for defendants and AUSA Grogan relating to the return of the property seized during the search warrants. Although the motion explicitly requested a rule to show cause why the Commonwealth of Pennsylvania should not be held in contempt, it also specifically identified AUSA Grogan and Agent Rennig as individuals "who took possession of [defendants'] property after their case was over" and requested that they return the property. Id.

On August 3, 2023, the United States removed the case based on federal officer jurisdiction pursuant to 28 U.S.C. § 1442(a)(1). Defendants challenged the removal through a motion to remand. That motion was briefed and on September 27, 2024, a Memorandum Order was entered denying the motion, finding that removal was permissible under § 1442(a)(1) and timely under 28 U.S.C. § 1446(g).

2

On March 7, 2025, defendants filed a Motion for Return of Property pursuant to Federal Rule of Criminal Procedure 41(g).  See Doc. No. 21.  The government filed a Brief in Opposition on April 7, 2025.  See Doc. No. 22.  The matter is ripe for adjudication.

Defendants assert that some, but not all, of their seized property has been returned and they are entitled to a return of all seized items because the items are not contraband and not subject to lawful forfeiture.  These items include firearms and ammunition lawfully owned by themselves and family members living at the residence.  In addition, the DNA evidence of Roberts collected by the ATF assertedly should be returned or confirmation of its destruction should be provided.

The government counters that the motion should be dismissed for lack of jurisdiction. From the government's perspective, the ATF properly commenced administrative forfeiture proceedings against the property and those proceedings were concluded on August 31, 2022. Based on the completed administrative forfeiture proceedings, this court assertedly lacks jurisdiction over defendants' motion except for a challenge for lack of notice under 18 U.S.C. § 983(e).  The record purportedly reflects that the ATF gave adequate notice and therefore from the government's perspective any motion to challenge the proceedings must fail on the facts.

We agree with the government.  This court does not have jurisdiction under Federal Rule of Criminal Procedure 41(g) because it lacks jurisdiction over the completed administrative procedures except to verify that they complied with due process.  And they did.

Federal Rule of Criminal Procedure 41(g) provides:

> **Motion to Return Property.** A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).  Motions under Fed. R. Crim. P. 41(g) are only appropriate where the property in question has not yet been forfeited to the government.  See U.S. v. Zambrano, 353 Fed. Appx. 227, 228 (11th Cir. 2009) ("[a] Rule 41(g) motion is unavailable . . . when property is retained pursuant to administrative or civil forfeiture"); see also Mesa Valderrama v. United States, 417 F.3d 1189, 1196 (11th Cir. 2005) ("Section 983(e) is 'the exclusive remedy for seeking to set aside a declaration of a forfeiture under a civil forfeiture statute'"); United States v. U.S. Currency $83,310.78, 851 F.2d 1231, 1234 (9th Cir. 1988) (finding the Federal Rules of Criminal Procedure inapplicable to civil forfeiture proceedings).

"[O]nce the government initiates an administrative forfeiture proceeding and the property is not the subject of an ongoing criminal proceeding, the district court loses jurisdiction to resolve the issue of return of property." United States v. McGlory, 202 F.3d 664, 670 (3d Cir. 2000) (citing Linarez v. United States Dep't of Justice, 2 F.3d 208, 212 (7th Cir. 1993).

Once administrative forfeiture proceedings have begun, the property owner may obtain relief in one of two ways.  Menkarell v. Bureau of Narcotics, 463 F.2d 88, 93 (3d Cir. 1972). First, an owner may file a petition for remission or mitigation.  Id.  Second, the petitioner may file a claim with the administrative agency.  Id.  "If the property owner fails to file a timely claim, the administrative agency shall declare the property forfeited, and title to the property shall vest in the United States." United States v. Malos, No. CR 20-52, 2022 WL 3699424, at *2 (W.D. Pa. Aug. 26, 2022) (citing 19 U.S.C. § 1609).  Following forfeiture, the "only issue the Court can review is whether the notice provided to Defendant regarding the administrative forfeiture comports with due process." Id. (citing McGlory, 202 F.3d at 670).

Based on the record before the court, the firearms and ammunition at issue was part of a completed administrative forfeiture proceeding.  Therefore, this Court does not have jurisdiction to conduct further review provided the proceeding comported with due process.

4

"[D]ue process requires that notice to the property owner be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Foehl v. United States, 238 F.3d 474, 479 (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).  Consistent with this standard, "[n]otice by mail or other means as certain to insure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of [a] party . . . if its name and address are reasonably ascertainable." Id. (quoting Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 800 (1983).  And the Court has cautioned that "[f]orfeitures are not favored; they should be enforced only when within both [the] letter and spirit of the law." Id. (quoting United States v. One 1936 Model Ford V–8 De Luxe Coach, 307 U.S. 219, 226 (1939)).

Of course, proof of actual receipt of notice is not required to satisfy due process under the Fifth Amendment. United States v. Huggins, 607 F. Supp.2d 660, 668 (D. Del. 2009) (citing Dusenbery v. United States, 534 U.S. 161, 170–71 (2002)).  "The analysis for determining if due process standards are met is whether the government's effort to deliver the notice was 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Id. (quoting United States v. One Toshiba Color Television, 213 F.3d 147, 149 (3d Cir. 2000) (quoting Mullane, 339 U.S. at 314)).

The ATF gave defendants timely and adequate notice of the administrative forfeiture proceedings against the seized property. See Government's Memorandum in Support (Doc. No. 22-2 through 22-15) at Ex. 1-A through Ex. 1-N.  The ATF sent timely notices to defendants at their residences, which were received. Id.  As evidence, the government provided a signature card showing that the notices were received by an individual at the residence. Id.  Additionally, the ATF published the proceedings on the official government forfeiture site,

5

www.forfeiture.gov for at least 30 consecutive days.  Id. at Ex. 1-O (Doc. No. 22-26).  Directions for filing a claim were provided with the notices and posted on the internet site.  Id.  This is sufficient notice for the purposes of providing notice of forfeiture allegations.  Cf. McGlory, 202 F.3d at 672 (notice sent to a location where the defendant is known to be residing or detained at the time is sufficient to satisfy due process in conjunction with an administrative forfeiture).[1] Therefore, the government has complied with due process and this court does not have further jurisdiction over the administrative forfeiture.

In sum, this court does not have jurisdiction over the 41(g) motion as submitted by defendants' and it must be denied.  Insofar as defendants are attempting to submit a 983(e) motion, the court has reviewed the facts and found that the proceedings comported with due process and defendants received adequate notice of the forfeiture proceedings.  Therefore, defendants' motion is denied for lack of jurisdiction to proceed further.

For the reasons set forth above, defendants' Motion for Return of Property will be denied and further review will be denied for want of jurisdiction.  An appropriate order will follow.

Date: March 16, 2026

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc:     Heidi M. Grogan, AUSA
        Wendy L. Williams, Esquire

        (*Via CM/ECF Electronic Mail*)

---

[1]  The government actually sent two notices to each defendant at their residence and received signed receipts for the same by "K. Kristin," "E. Roberts" and "T. Niedermeyer."  See Gov. Brief (Doc. No. 22) at p. 3-4 and accompanying exhibits.